UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL L. BREEDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-322 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of Plaintiff Michael L. Breeden's Objection to Report and Recommendation ("R&R") [Doc. 19], filed by United States Magistrate Judge H. Bruce Guyton [Doc. 18]. Magistrate Judge Guyton found that the Administrative Law Judge ("ALJ") properly reviewed and weighed all of the medical source opinions, the objective medical findings, and plaintiff's credibility in determining that plaintiff could perform a range of light work. Magistrate Judge Guyton also found that substantial evidence in the record as a whole supported the ALJ's findings and conclusions. Accordingly, Magistrate Judge Guyton recommended that plaintiff's Motion for Judgment on the Pleadings [Doc. 11] be denied and that Defendant Michael J. Astrue's, Commissioner of Social Security (the "Commissioner's") Motion for Summary Judgment [Doc. 15] be granted.

**I.     History of the Case**

Plaintiff filed applications for a period of disability and disability insurance benefits with the Social Security Administration (the "Agency") in March and July 2003 (Tr. 105-10). In both applications, plaintiff alleged that he was unable to work because of a disabling condition beginning on August 1, 2002 (Tr. 105, 108).[1] Plaintiff's claim was denied by the Agency first in January 2004 (Tr. 58-61), and again by the Agency upon reconsideration in May 2004 (Tr. 62-65).

Plaintiff then requested a hearing to review the denial of his claim in June 2004 [Tr. 70]. This hearing was held before ALJ Ronald J. Feibus in July 2005 (Tr. 537-56). A supplemental hearing was held before ALJ Feibus in August 2005 for the purpose of obtaining medical expert and vocational expert testimony (Tr. 557-74). ALJ Feibus issued a decision partially favorable to plaintiff in September 2005, concluding that plaintiff was entitled to a period of disability and to disability insurance benefits from June 10, 2002 until November 18, 2003 (Tr. 41-52).

In November 2005, plaintiff requested that the Agency's Appeals Council review ALJ Feibus' decision (Tr. 78). Upon review, the Appeals Council remanded plaintiff's claim to the ALJ in April 2007 (Tr. 54-57). The Appeals Council instructed the ALJ to obtain additional evidence concerning plaintiff's back impairments in order to (1) complete the administrative record; (2) give further consideration to plaintiff's maximum residual

---

[1]Plaintiff later testified before the ALJ that he became unable to work because of his disability not on August 1, 2002, but on June 10, 2002 (Tr. 46, 540-41).

2

functional capacity ("RFC")[2] and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations; and (3) obtain, if necessary, further medical expert and vocational expert testimony (Tr. 54-57).

A hearing was held on remand before ALJ Joan A. Lawrence in October 2007 (Tr. 575-95). ALJ Lawrence issued a decision unfavorable to plaintiff in December 2007, concluding that plaintiff was not disabled from August 1, 2002 through the date of ALJ Lawrence's decision (Tr. 12-23). In January 2008, plaintiff requested that the Appeals Council review ALJ Lawrence's decision (Tr. 10). The Appeals Council denied plaintiff's request for review in June 2008 (Tr. 6-9). Plaintiff then filed a Complaint [Doc. 3] before this Court for judicial review of the Commissioner's decision. Plaintiff and the Commissioner filed cross-motions for summary judgment [Docs. 11, 12, 15, 16, 17] on which Magistrate Judge Guyton issued his R&R [Doc. 18] on June 19, 2009. Plaintiff then filed objections to the R&R [Doc. 19].

## II.  Standard of Review

The Court must conduct a de novo review of those portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

---

[2]An individual's RFC is the ability to perform work and mental activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1545(a)(1) (explaining this term). An individual's RFC is the most the individual can do despite limitations. *Id.* In this case, the ALJ determined that plaintiff had sufficient RFC to perform light work except with occasional climbing, balancing, stooping, bending, crouching, crawling, avoidance of heights and vibrations (Tr. 18-19).

3

The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

**III.  Analysis**

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a de novo review of those portions of the R&R to which plaintiff objects. In considering plaintiff's objection to Magistrate Judge Guyton's determination, the Court has independently reviewed the entire record, including the R&R and the administrative record. For the reasons that follow, plaintiff's objection will be overruled.

Plaintiff's singular Objection to Report and Recommendation [Doc. 19] contains two related objections. First, plaintiff objects that the R&R erred in finding that ALJ Lawrence's

determination that plaintiff had sufficient RFC to perform a range of light work was supported by substantial evidence. Second, plaintiff objects to the R&R's "paucity of explanation" with respect to plaintiff's argument that ALJ Lawrence's assessment of plaintiff's RFC failed to comply with procedural rules.

Accordingly, plaintiff asserts that the R&R erred in recommending that plaintiff's motion for judgment on the pleadings [Doc. 11] be denied and that the Commissioner's motion for summary judgment [Doc. 15] be granted. Plaintiff further asserts that this Court should deny the R&R, reverse the Commissioner's determination, and order an award of disability benefits for plaintiff, or, in the alternative, remand the claim for further proceedings.

The Court considers each of plaintiff's objections in turn.

### A. Objection that Substantial Evidence Did Not Support ALJ Lawrence's Conclusion that Plaintiff Had Sufficient RFC to Perform a Range of Light Work

In his objection to the R&R, plaintiff argues that ALJ Lawrence's decision was not supported by substantial evidence. Plaintiff offers no additional explanation, however, as to which portion of ALJ Lawrence's decision he specifically objects. The Court therefore turns to plaintiff's Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings [Doc. 12] to identify plaintiff's argument in this respect. In that memorandum, plaintiff contends that ALJ Lawrence's credibility determination of plaintiff's statements concerning alleged symptoms derived from plaintiff's medically determinable impairments was unsupported by substantial evidence.

"There is no question that subjective complaints of a claimant can support a claim for disability, if there is also objective medical evidence of an underlying medical condition in the record." *Cruse v. Comm'r of Soc. Sec. Admin.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Jones v. Comm'r of Soc. Sec. Admin.*, 336 F.3d 469, 475 (6th Cir. 2003)). An ALJ is not required to accept a claimant's subjective complaints, however; the ALJ may instead consider the claimant's credibility when making a disability determination. *Cruse*, 502 F.3d at 542. Moreover, an ALJ's credibility determinations about the claimant are to be given great weight, "particularly since the ALJ is charged with observing the claimant's demeanor and credibility." *Id.* (quoting *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 530 (6th Cir. 1997)). Notwithstanding this grant of deference, however, the ALJ's credibility determination must always be supported by substantial evidence. *Walters*, 127 F.3d at 531.

The R&R undertook a thorough review of ALJ Lawrence's credibility determination, and found it to be supported by substantial evidence in the record. As noted in the R&R, ALJ Lawrence specifically reviewed and compared plaintiff's claims that he was unable to perform virtually any activity with his admissions to physicians regarding the activities he was able to perform. The competing claims weighed by ALJ Lawrence are summarized below.

### 1. Employment

In July 2005, and again in October 2007, plaintiff testified that he had not worked for money since 2002 (Tr. 545, 580). Plaintiff advised Dr. James S. Wike in March 2007, however, that he did "part time work with a friend's business," which he performed

6

"minimal[ly]" in order not to lose his disability (Tr. 18, 506).  Plaintiff also requested two months' worth of prescription medication in September 2006 because he was going to New Orleans with his brother, who had been contracted out with the dump truck they owned together, to help remove debris (Tr. 512).

### 2. Church Involvement

In July 2005, plaintiff testified that, while he was once active in his church, he could not participate in church activities any longer (Tr. 552).  He also testified in October 2007 that he had not helped out with church activities in two years (Tr. 585-86).  In December 2005, however, plaintiff reported volunteering at a local food pantry with his church (Tr. 523).  Likewise, in March 2006, plaintiff reported that he had "gotten involved" with the youth ministry at his church and was "quite excited" about it (Tr. 521-22).  Finally, in a May 2007 note to his pain management provider, plaintiff reported that he was "very active with church activities" (Tr. 20-21, 504).

### 3. Hunting

In July 2005, plaintiff stated that, while he used to hunt, he was unable to do so any longer (Tr. 552).  Similarly, plaintiff testified in October 2007 that he had been unable to hunt for two years (Tr. 585-86).  In December 2006 and again in January 2007, however, plaintiff reported that he hunted when he could (Tr. 508, 510).

### 4. General Activities

In March 2004, and again in May 2007, plaintiff reported that cooking and housework were impossible for him to perform, and that he had difficulty standing to shower and

7

addressing other bathroom needs (Tr. 160, 191). In April 2006, however, plaintiff reported a moderate activity level, and indicated that he was preparing to vacation with his family in Myrtle Beach, South Carolina (Tr. 18, 520). In May 2006, plaintiff again reported a moderate activity level, and indicated that he watched softball games during the day and was active with the youth at his church (Tr. 519).

It is possible to make an argument that plaintiff's statements regarding his alleged disability were credible, and that any contradictions or inconsistencies in the evidence related to this disability were due to error or misunderstanding. It is equally possible, however, to make an argument that these evidentiary inconsistencies rendered plaintiff's claims not credible. A reasonable mind could certainly reach the latter conclusion. Accordingly, ALJ Lawrence's conclusion that plaintiff's claims were not credible is supported by substantial evidence based upon the record as a whole. The Court will not disturb ALJ Lawrence's conclusion, and hereby overrules plaintiff's objection.

**B.     Objection that ALJ Lawrence's Assessment of Plaintiff's RFC Did Not Comply with Procedural Rules**

Plaintiff next objects that ALJ Lawrence failed to comply with procedural rules. Plaintiff claims specifically that ALJ Lawrence failed to follow the portion of the April 2007 remand order of the Appeals Council requiring to "[g]ive further consideration to the claimant's maximum residual function capacity for the entire period at issue and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations" (Tr. 56).

8

ALJ Lawrence issued a decision on remand in December 2007 (Tr. 12-23). Plaintiff then filed his request for review of that decision by the Appeals Council in January 2008 (Tr. 10). In June 2008, the Appeals Council denied plaintiff's request for review, finding "no reason" to review the ALJ's decision (Tr. 6). As plaintiff correctly points out, ALJ Lawrence's decision, and not the decision of the Appeals Council, thus becomes the final decision of the Commissioner of Social Security in this case (Tr. 6).[3] It is ALJ Lawrence's decision that the Court will review.[4]

Plaintiff's objection to ALJ Lawrence's decision is that it failed to include "a narrative discussion" "citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)" describing how the evidence supported the ALJ's assessment of plaintiff's RFC in accordance with Social Security Ruling 96-8p [Doc. 17]. Among other requirements not relevant to this case, Social Security Ruling 96-8p provides that an ALJ's RFC assessment must:

---

[3]"The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied is binding unless [plaintiff] or another party file [*sic*] an action in Federal district court." 20 C.F.R. § 404.981. Because the Appeals Council denied plaintiff's request for review, this Court reviews the decision of the ALJ and not the findings of the Appeals Council.

[4]Plaintiff places great weight on the statement in the R&R that the "Appeals Council reviewed the ALJ's decision in this case, and found no basis for reviewing it," when in fact the Appeals Council denied plaintiff's request for review, and consequently did not make any reviewable findings [Docs. 18, 19]. Plaintiff devotes much of his objection to insisting that this Court is obligated to review ALJ Lawrence's decision, rather than the Appeal Council's denial. In making this point, however, plaintiff overlooks language in the R&R reaching precisely the same conclusion that plaintiff reaches in his objection: "The Appeals Council denied plaintiff's request for review of the ALJ's decision. Therefore, the ALJ's decision stands as the Commissioner's final decision subject to judicial review . . . ." (citations omitted) [Doc. 18].

9

(1) Discuss the claimant's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis;

(2) Describe the maximum amount of each work-related activity the claimant can perform based on the evidence available in the case record;

(3) Explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved;

(4) In all cases in which symptoms are alleged,

    (a) Contain a thorough discussion and analysis of the objective medical and other evidence, including the complainant's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate;

    (b) Include a resolution of any inconsistencies in the evidence as a whole; and

    (c) Set forth a logical explanation of the effects of the symptoms, including pain, on the complainant's ability to work;

(5) Include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with medical and other evidence; and

(6) Consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

It is true, as plaintiff points out, that courts "may not accept appellate counsel's *post hoc* rationalizations for agency action" in lieu of proper agency action itself. *Burlington Truck Lines v. U.S.*, 371 U.S. 156, 169 (1962). This case requires no such post hoc analysis to justify its result, however, because ALJ Lawrence's decision substantially complies with

the requirements of Social Security Ruling 96-8p. While the narrative discussion of plaintiff's RFC, particularly with respect to medical source opinions, was not a model of strict adherence to the regulatory requirements, this Court will not disturb an ALJ's findings in the "rare case of the ALJ's analysis meeting the goal of the rule even if not meeting its letter." *Nelson v. Comm'r of Soc. Sec. Admin.*, 195 F. App'x 462, 472 (6th Cir. 2006). That is particularly true where, as here, substantial evidence exists in the record to support the ALJ's decision.

First, with respect to requirements (1), (2), and (3) above, ALJ Lawrence considered plaintiff's allegations that his symptoms and limitations prevented all work, and compared them with his statements that he was going to New Orleans to help his brother remove debris, and that he worked part-time with a friend's sales business, in examining his ability to work and attempting to resolve the inconsistencies these facts presented (Tr. 20-21). Next, with respect to requirement (4), the ALJ considered plaintiff's claims of leg and back pain, his use of a spinal cord stimulator to control that pain, and his difficulty in sitting and standing for extended periods of time, and compared them with plaintiff's vacations, his work-related activities, and his church involvement, in probing the nature of his symptoms, attempting to resolve the inconsistencies these facts presented, and explaining the effect of these symptoms on the complainant's ability to work (Tr. 20-21). With respect to requirement (5), the ALJ found that while plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms" were "not entirely credible" because of

11

the inconsistencies between plaintiff's statements with respect to his limitations and the activities he in fact performed during the relevant time period (Tr. 20).

Finally, with respect to requirement (6), ALJ Lawrence specifically noted in the decision that the Appeals Council's remand order required the obtaining of additional evidence concerning claimant's back impairments, including medical source statements about what the claimant could do despite those impairments, and that this had in fact been accomplished (Tr. 21-22). And it is telling, if not conclusive, that the Appeals Council denied plaintiff's request for review of ALJ Lawrence's decision (Tr. 6-9). This denial carries with it the implication that ALJ Lawrence's decision complied with the Appeals Council's remand order of April 2007.

Moreover, as the Commissioner's summary judgment memorandum notes, any defects in ALJ Lawrence's decision are "clearly overcome" by the evidence in the record [Doc. 15]. Numerous physicians rendering an opinion on plaintiff's status concluded that plaintiff could perform some level of work activity (Tr. 37-38, 39-40, 301-09, 404-09, 566-67). A reasonable mind evaluating this evidence could certainly reach the RFC conclusion that ALJ Lawrence reached. Accordingly, this Court finds that ALJ Lawrence's determination that plaintiff had sufficient RFC to perform light work except with occasional climbing, balancing, stooping, bending, crouching, crawling, avoidance of heights and vibrations is supported by substantial evidence based upon the record as a whole.

In sum, while plaintiff contends the R&R contained ambiguous language in identifying the administrative decision reviewed, the R&R also contained separate

unambiguous language identifying ALJ Lawrence's decision as the final decision for purposes of review by this Court. A review of that decision, and of the record as a whole, reveal ALJ Lawrence's decision to be in substantial compliance with the Appeals Council's remand order and to be supported by substantial evidence. The Court will not disturb ALJ Lawrence's conclusion, and accordingly, plaintiff's objection will be overruled.

**IV.     Conclusion**

Finding no error in the R&R, the Court will overrule plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Doc. 19]; accept in whole the R&R [Doc. 18]; deny Plaintiff's Motion for Judgment on the Pleadings [Doc. 11]; grant Defendant Commissioner's Motion for Summary Judgment [Doc. 15]; affirm the Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental social security income payments; and dismiss this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

13